# IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN   DIVISION


JOHN HARRIS, and AMERICAN     *
NOVELTIES, INC.     *
    *
    *
          Plaintiffs     *
    *
VS.     *
    *
GEORGE GADD, CHRIS     *
ANDERSON, CHRIS NEEL, SAM     *        NO: 4:06CV01510  SWW
PROBASCO, MARK LaCHANCE,     *
RUSTY McSPADDEN, JIM MYATT     *
and JOHN DOES 1-50, in their     *
individual capacities; CHARLES     *
CAMPBELL, in his official capacity     *
with the Arkansas State Board of     *
Pharmacy; KAREN TANDY, in her     *
official capacity with the Drug     *
Enforcement Administration; and     *
STEVE DOZIER, in his official capacity     *
with the Arkansas State Police     *
    *
          Defendants     *


## ORDER

       Plaintiffs John Harris ("Harris") and American Novelties, Inc. ("American Novelties")

bring this action, *pro se*, against federal and state law enforcement officers and officials.

Plaintiffs seek monetary, injunctive, and declaratory relief under 42 U.S.C. § 1983, 42 U.S.C.

§ 1985, *Bivens v. Six Unknown Named Federal Narcotics Agents,* 403 U.S. 388 (1971), and the

Arkansas Civil Rights Act.  Before the Court is a motion for partial dismissal pursuant to Fed. R.

Civ. P. 12(b)(6) filed by separate defendants Charles Campbell and Steve Dozier (docket entry

#9) and Plaintiffs' response (docket entry #17).  After careful consideration, and for the reasons that follow, the motion to dismiss will be granted, and Plaintiffs' claims against Campbell and Dozier will be dismissed.

## I.

In deciding Separate Defendants' motion to dismiss,  the Court must determine whether any of Plaintiffs' allegations establish a cause of action entitling legal relief.  *See Springdale Educ. Ass'n v. Springdale Sch. Dist*., 133 F.3d. 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold Plaintiffs' *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers . . . ."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal pleading standards apply only to factual allegations.  *See Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  To state a claim for relief, a *pro se* pleading must set forth allegations sufficient to state a claim as a matter of law and must not contain merely conclusory allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.

Under the federal Controlled Substances Act ("CSA"), any person who distributes pseudoephedrine, a "list I" controlled substance under the CSA, must obtain an annual registration from the United States Drug Enforcement Administration ("DEA").  *See* 21 U.S.C. §822(a).   In 1999, Plaintiff Harris applied for and received DEA registration to distribute list I substances in Arkansas under the name American Novelties, Inc.  ("American Novelties").  He also received similar license to distribute controlled substances from the Arkansas State Board of Pharmacy ("ASBP").  Harris claims that after he received DEA registration,  Defendant George Gadd ("Gadd"), a DEA agent, and Defendant Chris Anderson, an Arkansas State Police ("ASP")

officer, harassed and threatened him in an attempt to force him to relinquish his registration. *See* docket entry #29, ¶67.

On February 14, 2006, the ASBP held a hearing regarding American Novelties, and on March 10, 2006, the agency issued findings and conclusions of law stating that American Novelties sold pseudoephedrine to customers in suspicious transactions and failed to report said transactions as required under Arkansas law.[1] Additionally, the ASBP denied American Novelties' application for licence renewal and imposed a $188,000 penalty against the business. Docket entry #16, Ex. A. On April 7, 2006, American Novelties filed a petition in state court seeking judicial review of the ASPB's decision. Docket entry #16, Ex. B.

Plaintiffs allege that Gadd enlisted Defendant Campbell, executive director of the ASBP, to "bring unwarranted ASBP charges against American Novelties and . . use those charges as the basis of depriving Plaintiffs their due process rights." Docket entry #29, ¶77. Plaintiffs also claim that the DEA continues to use the ASBP's decision "as the primary basis of its denial of the renewal and transfer requests of American Novelties." *Id*.

On October 13, 2006, Plaintiffs commenced this action against several defendants including Campbell, sued in his official capacity, and Steve Dozier, sued in his official capacity as director of the ASP. Under Count I of the amended complaint, Plaintiffs bring claims under 42 U.S.C. § 1983 against "the ASP" and others, seeking compensatory damages and $50 million in punitive damages. Under Count III, Plaintiffs allege that all defendants "conspired with one another for the purpose of depriving [Plaintiffs] equal protection and privileges of the laws, in

---

[1]*See* docket entry #16, Ex. A. The Court may take judicial notice of public records without converting the motion to dismiss into one for summary judgment. *See Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003).

violation of 42 U.S.C. § 1985." Plaintiffs seek compensatory damages plus $50 million in punitive damages under Count III  *See* docket entry #29, ¶ 117.

### III. Analysis

Defendants Campbell and Dozier, sued in their official capacities only, seek dismissal of the claims against them on the ground that said claims are barred under the Eleventh Amendment.  Sovereign immunity, also known as  Eleventh Amendment immunity, shields States and state entities that are "arms of the State" from suit in federal court unless Congress has abrogated the state's immunity or the state consents to suit or waives its immunity.  *See Edleman v. Jordan,* 415 U.S. 651, 663 (1974); *Murphy v. Arkansas*, 127 F.3d 750, 754 (1997).

Plaintiffs' official-capacity claims against Campbell and Dozier are equivalent to claims against the ASBP and the ASP–arms of the state of Arkansas.[2]   The State has not consented to suit or waived its immunity, and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. §§ 1983 and 1985.  *See Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991). Without question, Plaintiffs' claims for monetary relief from the ASP and the ASBP must be dismissed.

Plaintiffs assert that they also seek declaratory and injunctive relief against Campbell and Dozier and that these claims are permitted under *Ex Parte Young*, 209 U.S. 123 (1908). Specifically, Plaintiffs seek  "declaratory judgments declaring the described acts of the . . . officers to have been unlawful and unconstitutional"[3] and "an immediate injunction preventing

---

[2]The Eighth Circuit has affirmed dismissal of claims against the ASP pursuant to the Eleventh Amendment.  *See Moad v. Arkansas State Police Dept*., 111 F.3d 585 (8th Cir. 1997). Additionally, the ASBP is a statutorily created state agency, financed by state funds and charged with carrying out the state's pharmacy laws.  *See* Ark. Code Ann. §§ 17-92-201 to 209.

[3]Docket entry #18, ¶ 3.

revocation of [American Novelties'] license . . and protecting [Plaintiffs] from the ASBP's implementation of its fine . . . . " Docket entry #29, ¶ 77.

The *Ex parte Young* doctrine, a very narrow exception to Eleventh Amendment immunity, permits prospective injunctive relief that enjoins state officials from engaging in ongoing violations of federal law.   The *Ex parte Young* doctrine allows prospective relief only; it does not permit a declaratory judgment that state officers have violated federal law in the past. *See Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993).

Additionally, even if Plaintiffs' claim for injunctive relief were permitted under *Ex parte Young*, the Court must decline jurisdiction over this claim.  Under *Younger v. Harris*, 91 S. Ct. 746 (1971), federal courts must abstain from accepting jurisdiction in cases where equitable relief is requested and where granting relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism. *See Night Clubs, Inc. v. City of Fort Smith, Ark*. 163 F.3d 475, 477 n1. (8th Cir. 1998).  Abstention is warranted under *Younger* "if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges."  *Harmon v. City of Kansas City, Mo.,* 197 F.3d 321, 325 (8th Cir. 1999)(citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir.1996)).

Here, the fine imposed by the ASBP against American Novelties is the subject of ongoing state judicial proceedings, which implicate important state interests in regulating the distribution  of controlled substances.  Additionally, Plaintiffs have  an adequate opportunity to raise their constitutional challenges in state court

## IV.  Conclusion

For the reasons stated, the Court finds that Plaintiffs have failed to state a claim for relief against Defendants Charles Campbell and Steve Dozier.  Accordingly, Campbell and Dozier's motion to dismiss (docket entry #9) is GRANTED, and Campbell and Dozier are dismissed as parties to this action.

IT IS SO ORDERED THIS 12TH DAY OF APRIL, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE